IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LILY M. CROWLEY, et al.                                      PLAINTIFFS

VS.                          CASE NO. 05-5098

BENTON COUNTY, ARKANSAS, et al.                              DEFENDANTS

## O R D E R

Now on this 26th day of October, 2006, comes on to be considered **Defendants' Motion for Summary Judgment (Doc. 23)**. The Court, being well and sufficiently advised, concludes that the defendants' motion should be **GRANTED**. The Court finds and orders as follows with respect thereto:

**BACKGROUND**

1. Plaintiffs Lily Crowley, Tiffany Meehan, Joel Guerrero, Sara Alvard, Timothy Meehan, Tabitha Noe, and Garry Woods bring this action pursuant to 42 U.S.C. § 1983. Plaintiffs name as defendants Benton County, Arkansas and Deputies Randy Clark, Mark Kellogg, and Mark Undiano, in both their individual and official capacities.[1]

2. Plaintiffs allege that defendants violated their Fourth and Fourteenth Amendment rights by:

---

[1]Plaintiffs originally named Deputies Dale Denver, Rob Holly, and Travis Newell as additional defendants. However, plaintiffs dismissed these defendants after discovery revealed no basis for liability against these defendants. (Docs. 26, 31.)

* searching the residence of Plaintiff Lilly Crowley without a warrant;

* forcing all of the plaintiffs from the residence at gunpoint;

* detaining the plaintiffs outside the residence for between 30 to 45 minutes; and

* unlawfully detaining and arresting Plaintiff Joel Guerrero.

3. Defendants move for summary judgment. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The Court considers the facts, and the inferences to be drawn from them, in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Pursuant to Local Rule 56.1, the parties have filed statements of facts which they contend are not in dispute. Viewing these statements and the exhibits submitted in support thereof in the light most favorable to the plaintiffs, the following significant facts are made to appear:

a. On July 5, 2002, Benton County Deputy Mark Kellogg received a call from dispatch directing him to go to 15554 Airport Road in Siloam Springs, Arkansas (the residence of Plaintiff Lily Crowley), because the Springdale Police Department believed that

two Hispanic males suspected of being involved in a shooting had fled to that residence.

    b.    Deputy Kellogg contacted Sergeant Dale Denver and advised him of the call from dispatch. Deputy Kellogg then contacted the Springdale Police Department to see if they had any further information on the suspects. A Springdale Police Department detective advised Deputy Kellogg of the following:

> Two suspects had allegedly shot a third subject at point blank range with a pistol earlier in the evening and had been seen fleeing the scene. A K-9 had followed the suspects' trail to an EZ Mart about a block away, where a store clerk told police that he had seen the suspects jump into a black Chevy Cavalier driven by a white female. Another witness told police that he had followed the vehicle to 15554 Airport Road in Siloam Springs and that the tag number on the vehicle was 848 FWH.

    c.    After speaking with the Springdale detective, Deputy Kellogg contacted Sergeant Denver again and advised him of the new information. As he was speaking to Sergeant Denver for the second time, Deputy Kellogg drove to 15554 Airport Road, where he found a black Chevy with tag number 848 FWH parked in the driveway. Deputy Kellogg reported this to Sergeant Denver, who advised him to park down the street and wait for additional units to arrive.

    d.    A few minutes later, after other units had arrived, Sergeant Denver and Deputies Undiano, Clark, Holly, and Kellogg drove up to the residence. Deputy Kellogg immediately noticed a Hispanic male who matched the description of one of the suspects standing by the suspect vehicle.

e. Deputy Kellogg exited his vehicle, made contact with the Hispanic male (Plaintiff Joel Guerrero), and placed him in handcuffs.

f. Deputy Kellogg and Deputy Clark then approached the residence and knocked on the front door. When the door opened, the deputies pointed their guns at the plaintiffs (one of whom was holding a three-week old baby) and shouted at them to "get the f— out of the house." (Doc. 28 Ex. 3 pg. 4.) The deputies then made the plaintiffs stand on the front porch while they searched the residence for the shooting suspects.

g. After searching the residence, the officers questioned the plaintiffs and determined that they had not been involved in the subject shooting. According to the plaintiffs, the search and questioning took between 30 to 45 minutes, during which time, the deputies refused to allow the plaintiffs to re-enter the residence to check on their three small children that had been left sleeping inside.

**DISCUSSION**

4. **Official Capacity Claims - Statute of Limitations**

a. Defendants argue that plaintiffs' official capacity claims are time-barred. Plaintiffs do not address this argument in their response to the summary judgment motion.

b. "[A]ll actions against sheriffs ... upon any liability incurred by them by doing any act in their official capacity ...

shall be brought within two (2) years after the cause of action has accrued and not thereafter." Ark. Code Ann. § 16-56-109. This statute is applicable to deputy sheriffs as well as sheriffs. See Brown v. U.S., 342 F. Supp 987 (E.D. Ark. 1972), aff'd in relevant part, rev'd in part, 486 F.2d 284 (8th Cir. 1973).

    c. The events at issue in this case occurred on July 5, 2002, and plaintiffs did not institute this action until June 7, 2005. Accordingly, plaintiffs claims against defendants in their official capacities are barred by the two-year statute of limitations. The Court notes that even if plaintiffs' official capacity claims were not time-barred, they would still be subject to dismissal, as plaintiffs offer no proof that the alleged violations of their rights resulted from any county policy or custom. See Kuha v. City of Minnetonka, 365 F.3d 590, 603-04 (8th Cir. 2003).

    5. **Individual Capacity Claims - Qualified Immunity**

    a. Defendants argue that they are entitled to qualified immunity on plaintiffs' individual capacity claims. Qualified immunity is a defense available to public officials sued in their individual capacities. See Bankhead v. Knickrehm, 360 F.3d 839, 844 (8th Cir.), cert. denied, 125 S. Ct. 57 (2004). Public employees are shielded from liability if "their conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In analyzing the issue of qualified immunity, the Court must first determine whether the plaintiffs have asserted the violation of a constitutional right at all, and then assess whether the right was clearly established at the time of the alleged violation. See Robinson v. White County, 452 F.3d 706, 710 (8th Cir. 2006), aff'd in relevant part, rev'd in part, 459 F.3d 900 (2006). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. See id.

The Court will now proceed to apply this analysis to the claims asserted by plaintiffs.

b. **Search of Residence Without a Warrant**

An exception to the warrant requirement permits a law enforcement officer to enter and search a home if he acts with probable cause and exigent circumstances exist. See Radloff v. City of Oelwein, 380 F.3d 344, 348 (8th Cir. 2004), cert. denied, 543 U.S. 1090 (2005). Exigent circumstances exist where a life is threatened, a suspect's escape is imminent, or evidence is about to be destroyed. Id. Exigent circumstances may also be found when there is a compelling need for official action and there is not time to secure a warrant. Id. A determination of whether a legal

warrantless entry occurred focuses on whether a law enforcement officer acted with a reasonable belief that probable cause and exigent circumstances existed, not on whether either actually existed.  Id.

The Springdale Police Department advised Deputy Kellogg that the suspects had shot an individual at point blank range and that a witness had followed the suspects' vehicle to 15554 Airport Road, Plaintiff Lily Crowley's residence.  Deputy Kellogg then located the vehicle matching the description and tag number given by the witness in front of Crowley's residence.  Based on these circumstances, defendants could have reasonably believed that probable cause existed to suspect that the shooting suspects had fled to Crowley's residence.  Defendants also could have reasonably believed that exigent circumstances existed to search the residence, as the suspects were armed and dangerous and could have attempted to flee the residence in the time it would have taken to secure a warrant.  Accordingly, defendants are entitled to qualified immunity on plaintiffs' claim concerning the search of the residence without a warrant.

   c.  **Remaining Claims**

Plaintiffs claim that defendants violated their rights by handcuffing Plaintiff Joe Guerrero outside the residence; forcing the other plaintiffs out of the residence at gunpoint; and detaining the plaintiffs outside the residence for between 30 to 45

minutes, during which time, defendants would not allow the plaintiffs to check on the children left sleeping inside.

"[O]fficers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving ..." See Graham v. Connor, 490 U.S. 386, 397 (1989). To defeat defendants' assertion of qualified immunity, plaintiffs must establish that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 201 (2001).

Given the safety concerns the defendants faced in searching for two armed and dangerous shooting suspects, the Court concludes that they acted reasonably in handcuffing Plaintiff Guerrero outside the residence, as he matched the description of one of the suspects and was standing by the suspect vehicle. The Court concludes these same safety concerns justified the defendants pointing their guns at the plaintiffs as they exited the residence, and, in any event, the defendants' actions did not rise to the level of a constitutional violation absent any indication that they intended or attempted to fire their guns. See Edwards v. Giles, 51 F.3d 155, 157 (8th Cir. 1995) (officer was entitled to qualified immunity on suspect's claim that officers physically placed him on the ground and pointed a gun at him); Sharrar v. Felsing, 128 F.3d 810, 821-22 (3rd Cir. 1997) (concluding that officers did not use excessive force in requiring arrestees to lie face down in dirt,

with guns to their heads, while being subjected to vulgar threats; officers were arresting four men and had been advised that at least one had used gun in violent episode).

With regard to the detention of plaintiffs, the Court concludes that the defendants acted reasonably in detaining the plaintiffs outside their residence for 30 to 45 minutes while they searched the residence and then questioned the plaintiffs about the shooting incident. See Figg v. Schroeder, 312 F.3d 625, 640 (4th Cir. 2002) (faced with the need to conduct investigation of shooting incident in a safe environment, officers acted reasonably in detaining residents for half-hour); see also Muehler v. Mena, 544 U.S. 93, 99 (2005) (officers executing search warrant of house seeking weapons and evidence of gang membership in wake of drive-by shooting acted reasonably in detaining occupant in handcuffs for two to three hours while search was in progress). The Court also concludes that safety concerns justified the defendants' refusal to allow plaintiffs to re-enter the residence to check on their children during this time period.

Accordingly, the Court concludes that defendants are entitled to qualified immunity on plaintiffs' claims against defendants in their individual capacities.

**CONCLUSION**

6. Based on the foregoing, **Defendants' Motion for Summary Judgment (Doc. 23)** is **GRANTED** and plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE